IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| THEORDORE L. GREEN, | ) | |
| 3126 Trimble Street, Apt. 7, | ) | |
| Paducah, KY 42001, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: |
| v. | ) | |
| | ) | |
| OAKLEY TRANSPORT, INC., | ) | |
| **DO NOT SERVE:** | ) | |
| CHRISTY CAPUTO, | ) | |
| 101 ABC Road, | ) | |
| Lake Wales, FL 33859, | ) | JURY TRIAL DEMAND |
| | ) | |
| and | ) | |
| | ) | |
| HERBERT J. AYMOND, | ) | |
| **DO NOT SERVE:** | ) | |
| 405 Mount Carmel Road, | ) | |
| Ville Platte, LA 70586, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT AND JURY DEMAND

COMES NOW Plaintiff and for his complaint and jury demand against the above-named defendants states as follows:

## STATEMENT OF PARTIES

1.      Plaintiff Theodore L. Green is the natural child of the deceased, LaWanda Green, and as such is a member of the class of individuals authorized to bring a wrongful

death claim pursuant to RSMo § 537.080. Plaintiff is a citizen of Kentucky, residing at 3126 Trimble Street, apartment 7, Paducah, Kentucky 42001.

2.      Defendant Oakley Transport, Inc. is a Florida domestic corporation with its principal place of business at 101 ABC Road, Lake Wales, Florida 33859.

3.      Defendant Herbert J. Aymond is a citizen of Louisiana, residing at 405 Mount Carmel Road, Ville Platte, LA 70586.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 in that complete diversity of citizenship exists between the plaintiff and the defendants, and the matter in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

5.      Venue is proper under 28 U.S.C. § 1391(a)(2) in that a substantial part of the events giving rise to this claim occurred within this judicial district.

## GENERAL ALLEGATIONS

6.      Plaintiff incorporates by reference all of the allegations contained in paragraphs 1 through 5 as if fully set forth herein.

7.      On October 11, 2018, decedent LaWanda Green was driving a vehicle on Interstate 57 northbound in Mississippi County, Missouri, approximately at the 17.2 mile marker.

8.     At or about the same time, a semi-tractor leased by Defendant Oakley Transport and driven by Defendant Aymond was traveling southbound on Interstate 57 near the same location.

9.     Defendants' semi-tractor and trailer crossed the median and entered the lanes for northbound traffic.

10.    Defendants' semi-tractor collided head-on with decedent's vehicle.

11.    Decedent's vehicle spun, hitting another vehicle in the northbound lanes.

12.    Decedent was pronounced dead at the scene by emergency responders.

13.    As a direct and proximate result of the Defendants' semi-tractor crossing the median and colliding with LaWanda Green's vehicle head-on, LaWanda Green lost her life.

## COUNT I
## GREEN v. AYMOND - WRONGFUL DEATH

14.    Plaintiff incorporates all previous paragraphs into this count.

15.    On October 11, 2018, Defendant Aymond had a duty to exercise the highest degree of care in the operation of the semi-tractor and trailer.

16.    On October 11, 2018, Defendant Aymond had a duty to exercise the highest degree of care while operating a motor vehicle on a public roadway.

17.    While using a Missouri public roadway, Defendant Aymond had a duty to operate the vehicle in a careful, prudent, and lawful manner.

18.    Defendant Aymond failed to exercise the highest degree of care, failed to operate a motor vehicle in a careful, prudent, and lawful manner, and was negligent and reckless in the operation of a motor vehicle in at least the following respects:

    a.   In failing to keep a careful lookout;

    b.   In failing to yield;

    c.   In failing to stay in the appropriate lane on the interstate;

    d.   In failing to maintain an awareness of the location of vehicles around him;

    e.   In operating a vehicle while he was distracted or inattentive;

    f.   In operating a vehicle in an unsafe condition;

    g.   In operating a vehicle in an impaired condition;

    h.   In operating the semi-tractor at a speed that was greater than was reasonable and prudent under the then existing circumstances;

    i.   In operating the semi-tractor in such a manner that the semi-tractor came into collision with the front of decedent's vehicle;

    j.   In failing to take evasive action including, but not limited to stopping, swerving, slowing speed, sounding a warning or any combination thereof, in order to avoid impacting the vehicle containing the decedent after they knew or should have known that there was a reasonable likelihood of collision;

k.  In operating the semi-tractor without regard to the rights, safety, and position of the plaintiff;

l.  In operating the semi-tractor at a speed which he could not stop within the range of his vision;

m.  In operating the semi-tractor trailer in a negligent, careless, and reckless manner;

n.  In failing to maintain control of the semi-tractor;

o.  In failing to stop in an assured clear distance;

p.  In disregarding the laws, regulations, rules, and statutes of the State of Missouri pertaining to the operation of a motor vehicle under the circumstances here in question;

q.  In disregarding the federal laws, regulations, rules, and requirements pertaining to the operation of a motor vehicle under the circumstances herein question, including but not limited to the Federal Motor Carrier Safety Regulations of the U.S. Department of Transportation, Parts 40, 382, 383, 387, 390-397, 399 Subchapter B, Chapter 3, Title 49 of the Code of Federal Regulations; and

r.  In operating the semi-tractor in an ill or fatigued condition, or in such a condition that made it unsafe for Defendant Aymond to drive, in violation of 49 C.F.R. §392.3.

19.     Defendant Aymond was negligent *per se* in violating particular Missouri statutes enacted for decedent's benefit by the General Assembly, including, but not limited to:

> a.  Section 304.012, which states that motorists must drive in a careful and prudent manner and exercise the highest degree of care when operating a motor vehicle on the roads and highways of the State of Missouri; and
>
> b.  Section 304.014, which states that every person operating or driving a vehicle upon the highways must observe and comply with the rules of the road.

20.     LaWanda Green was within the class of persons intended to be protected by these statutes that were violated by Defendant Aymond.

21.     The injuries suffered by LaWanda Green were injuries that these statutes were designed to prevent.

22.     Defendant Aymond's violation of the aforementioned statutes caused or contributed to cause the death of LaWanda Green.

23.     As a direct and proximate result of Defendant Aymond's acts and omissions, LaWanda Green died on October 11, 2018.

24.     At the time Aymond was operating the tractor-trailer and caused the collision with decedent's vehicle, he knew or in the exercise of ordinary care should have

known that his conduct was outrageous and created a high degree of probability of injury to others and thereby showed a willful and wanton disregard for the safety of others, including LaWanda Green, which entitles Plaintiff to damages for aggravating circumstances.

25.     Plaintiff, on behalf of the class, seeks all damages available under section 537.090 including:

a.   Physical injuries, mental anguish, and loss of enjoyment of life suffered by LaWanda Green from the point in time that her impending injuries or death were apparent to her and her actual death;

b.   Pecuniary loss suffered by the reason of the death of LaWanda Green, funeral expenses and the reasonable value of services, consortium, companionship, comfort, instruction, guidance, counsel, training, and support which her heirs have lost by reason of her death;

c.   Loss of companionship and society sustained in the past and that in reasonable probability will be sustained in the future.   These losses include but are not limited to the loss of positive benefits flowing from the love, comfort, companionship, and society that her heirs have lost by reason of her death; and

    d.   Damages for aggravating circumstances.

26.     The negligent, careless, and/or reckless conduct of Defendant Aymond directly and proximately caused and contributed to the death of LaWanda Green.

## COUNT II
## GREEN v. OAKLEY - WRONGFUL DEATH

27.     Plaintiff incorporates all previous paragraphs into this count.

28.     At all times relevant hereto, Defendant Aymond was acting as the employee or authorized agent of Defendant Oakley Transport.

29.     At all times relevant hereto, Defendant Aymond was acting in the course and scope of his employment and/or agency with Defendant Oakley Transport.

30.     As the employee or agent of Defendant Oakley Transport, the acts and/or omissions of Defendant Aymond are imputed to Defendant Oakley Transport.

31.     At all times relevant hereto, Defendant Oakley Transport was an interstate motor carrier.

32.     At all times relevant hereto, Defendant Aymond was operating the semi-tractor which was a commercial motor vehicle, under the motor carrier authority of Defendant Oakley Transport.

33.     At all times relevant hereto, Defendant Aymond was operating the semi-tractor with the placard of Defendant Oakley Transport displayed, with the knowledge and permission of Defendant Oakley Transport.

34.     Defendant Oakley Transport is vicariously liable for the negligence, negligence per se, and recklessness of Defendant Aymond.

35.     At all times relevant hereto, Defendants owed a duty towards the decedent and others to exercise due care in the safe operation and control of the tractor-trailer operated by Defendant Aymond.

36.     Defendant Oakley Transport had a duty to exercise reasonable care in hiring, retaining, training, and supervising its drivers and other agents and employees, including Defendant Aymond.

37.     Defendant Oakley had a duty to exercise reasonable care in entrusting its vehicles—and any and all vehicles and equipment under its control—to responsible, competent and qualified drivers.

38.     Defendant Oakley Transport breached these duties of care owed to the decedent, and the collision between the subject tractor-tractor and the vehicle containing the decedent was proximately caused by Defendant Oakley Transport's violation of its aforementioned duties.

39.     Defendant Oakley Transport was negligent and failed to exercise reasonable care in one or more of the following ways:

    a.   In permitting Defendant Aymond to operate a commercial motor vehicle when he was not qualified to do so;

    b.   In leasing, hiring, employing, and/or retaining Defendant Aymond when Oakley Transport knew or should have known that Aymond was reckless, unqualified, and/or incompetent;

    c.   In disregarding the federal laws, regulations, rules, and requirements pertaining to the entrustment and/or operation of a commercial motor vehicle, including but not limited to the Federal Motor Carrier Safety Regulations;

    d.   In permitting and/or requiring Aymond to operate the subject semi-tractor in an ill or fatigued condition, or in such a condition that made it unsafe for Defendant Aymond to drive, in violation of 49 C.F.R. §392.3;

    e.   In failing to properly ascertain the qualifications, training, and background of Aymond; and

    f.   In failing to adequately train, instruct, supervise and monitor Defendant Aymond regarding keeping a proper lookout, maintaining control of a commercial motor vehicle, appropriate highway speeds for commercial motor vehicles, stopping distances, emergency and evasive maneuvers, and the dangers of distracted driving and drowsy driving.

40.    As a direct and proximate result of Defendant Oakley Transport's acts and omissions, LaWanda Green died on October 11, 2018.

41.    Oakley Transport knew or in the exercise of ordinary care should have known that its conduct and the conduct of its employees or agents in leasing, hiring, employing and/or retaining Aymond, in entrusting a commercial motor vehicle to Aymond, in failing to train, instruct, supervise and monitor Aymond, and/or in requiring or permitting Aymond to operate when he was too fatigued, impaired or ill to operate a commercial motor vehicle safely, was outrageous and crated a high degree of probability of injury to others and showed willful and wanton disregard for the safety of others, including LaWanda Green, which entitles Plaintiff to damages for aggravating circumstances.

42.    Plaintiff, on behalf of the class, seeks all damages available under section 537.090 including:

a.  Physical injuries, mental anguish, and loss of enjoyment of life suffered by LaWanda Green from the point in time that her impending injuries or death were apparent to her and her actual death;

b.  Pecuniary loss suffered by the reason of the death of LaWanda Green, funeral expenses and the reasonable value of services, consortium, companionship, comfort, instruction, guidance, counsel, training, and support which her heirs have lost by reason of her death;

c.  Loss of companionship and society sustained in the past and that in reasonable probability will be sustained in the future.   These losses include but are not limited to the loss of positive benefits flowing from the love, comfort, companionship, and society that her heirs have lost by reason of her death;

d.  And damages for aggravating circumstances.

43.    The negligent, careless, and/or reckless conduct of Defendant Oakley Transport directly and proximately caused and contributed to the death of LaWanda Green.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the following relief:

a.   A jury trial on all issues so triable;

b.   Judgment against Defendants, jointly and severally, in favor of Plaintiff in an amount that is fair and reasonable for the personal injuries, losses and damages sustained by Decedent LaWanda Green and the wrongful death beneficiaries of LaWanda Green;

c.   Award Plaintiff damages for aggravating circumstances;

d.   Award Plaintiff the costs of this action; and

e.   Award Plaintiff such other and further relief as is deemed appropriate.

**DEMAND FOR JURY TRIAL**

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES OF THIS CAUSE pursuant to F.R.C.V.P. 38, Us. Const. Am. 7, and Local Rule 38 – 02.04.**

DOLLAR, BURNS & BECKER, L.C.

*/s/ Tim Dollar*
Tim Dollar          MO #33123
1100 Main Street, Suite 2600
Kansas City, MO 64105-5194
(816) 876-2600
(816) 221-8763 (Fax)
timd@dollar-law.com
ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF MAILING

I hereby certify that on December 4 2018, the foregoing was electronically filed with the Court and a copy of the filing was sent via electronic mail to:

Ted L. Perryman
1034 S. Brentwood Blvd, Suite 2100
St. Louis, MO   63117
314-421-1850
tperryman@robertsperryman.com
ATTORNEY FOR DEFENDANTS


_____ */s/ Tim Dollar* _____
Attorney for Plaintiff